Opinion issued July 23, 2026



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-01024-CV

_____

## IN RE COMMITMENT OF CHARLES RICHARD EMMONS

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1475209-Z**

---

## MEMORANDUM OPINION

This is a civil-commitment action under the Sexually Violent Predators Act ("SVP Act"). *See* TEX. HEALTH & SAFETY CODE §§ 841.001–.209. The State of Texas brought this case to have appellant Charles Richard Emmons civilly committed for involuntary treatment and supervision as a sexually violent predator. After the jury found that Emmons was a sexually violent predator, the trial court

rendered a final judgment and an order of civil commitment. On appeal, Emmons argues that he is entitled to a new trial because the State engaged in improper argument during its closing argument to the jury. We affirm.

**Background**

Emmons was convicted of aggravated sexual assault in February 2016 and sentenced to 10 years' imprisonment. Before his release, the State petitioned to have Emmons declared a sexually violent predator subject to civil commitment under the SVP Act. *See* TEX. HEALTH & SAFETY CODE § 841.081. Under the SVP Act, the State had to prove beyond a reasonable doubt that Emmons was a "repeat sexually violent offender" who "suffers from a behavioral abnormality that makes [him] likely to engage in a predatory act of sexual violence. *Id.* § 841.003(a); *see also In re Commitment of Summers*, No. 01-19-00738-CV, 2021 WL 3776751, at *1 (Tex. App.—Houston [1st Dist.] Aug. 26, 2021, no pet.) (mem. op.) (explaining SVP Act and civil commitment procedure).

The case proceeded to trial before a jury, and the jury heard from two witnesses: Emmons and the State's expert, Dr. Kyle Clayton.[1] Dr. Clayton

---

[1]    The evidence included that between 1991 and 2016 Emmons had been convicted and sentenced for two counts of sexual assault, one count of aggravated sexual assault, one count of sexual assault of a child, two counts of forgery, one count of theft, and one count of possession of between 4 and 200 grams of cocaine with intent to deliver.

evaluated Emmons and opined that he has a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

The jury found Emmons was a sexually violent predator, and the trial court signed a commitment order and final judgment. Emmons appealed.

## Closing Argument

In his sole issue on appeal, Emmons asserts that he is entitled to a new trial because in closing argument, the State shifted the burden of proof to him.

### A.    Background Facts

Emmons complains about part of the State's rebuttal argument emphasized in the following quotation:

> State: You heard quality, substantive evidence from Dr. Clayton who now, now they would like to trash and tell you his opinion is garbage, that he's doing it all wrong, even though they've hired him repeatedly to conduct evaluations for their office. Okay? And yes, absolutely I fully embrace the burden is mine. It's not his to disprove that he's a sexually violent predator. But don't you think, they can call witnesses. *Don't you think that if there was someone to say that what Dr. Clayton was doing was wrong or there was someone to say that Mr. Emmons is not sexually deviant or suffers from this behavior abnormality, you would have heard from that person.*
>
> Defense counsel: Objection, your Honor, burden shifting.
>
> Court: The jury has heard the rules with respect to how this trial works. Obviously, the State has the burden of proof, and I expect y'all to hold to that standard the State.
>
> State: But don't be fooled. They can call witnesses as well.

(Emphasis added.)

**B.     Standard of Review and Applicable Law**

During argument, attorneys may argue the facts of the case to the jury, draw legitimate inferences, deductions, and conclusions from the evidence, discuss the reasonableness of the evidence and its probative effect, and reply to the argument of the opposing party. *Summers*, 2021 WL 3776751, at *14; *see also* TEX. R. CIV. P. 269(e) (stating counsel shall confine argument strictly to the evidence and arguments of opposing counsel). To obtain a new trial for improper jury argument, a party must prove (1) the argument was improper, (2) the argument was not invited or provoked, (3) the trial court made an adverse ruling on an objection, requested instruction, or motion for mistrial, (4) the improper argument was not curable, (5) the argument by its nature, degree, and extent constituted reversible error, and (6) the argument had a probable effect on a material finding. *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 839–40 (Tex. 1979); *Summers*, 2021 WL 3776751, at *14.

**C.     Analysis**

We disagree that the State's argument misplaced the burden of proof. The State's argument supposing that Emmons could have called a witness to contradict Dr. Clayton was not improper burden shifting.

Our sister court held the same in a similar situation. In *In re Commitment of Johnson*, the Dallas Court of Appeals held that it was not an abuse of discretion to

overrule a burden shifting objection to the State's closing argument statement: "Don't you know that if there was someone in this world that believed Mr. Johnson did not suffer from this behavioral abnormality, you would have heard from them." *See In re Commitment of Johnson*, No. 05-17-01171-CV, 2019 WL 364475, at *8 (Tex. App.—Dallas Jan. 30, 2019, no pet.) (mem. op.). The court held that the statement was summarization of evidence and a reasonable deduction from the evidence presented. *Id.*

In this case, the State's argument summarized the evidence in response to Emmons's counsel's argument that questioned Dr. Clayton's opinions. "Jury argument pointing out that the defendant has failed to present evidence in his favor does not shift the burden of proof but instead summarizes the state of the evidence and is a reasonable deduction from the evidence." *Id.* (quoting *Thomas v. State*, No. 05-14-01589-CR, 2016 WL 259761, at *7 (Tex. App.—Dallas Jan. 21, 2016, pet. ref'd) (mem. op., not designated for publication)). The State's comment did not shift the burden of proof.[2] To the contrary, the comment clarified the burden

---

[2] The record reflects that the jury was reminded of the burden of proof throughout the proceeding. During voir dire, the trial court explained that the burden of proof was beyond a reasonable doubt and that the burden belonged to the State, as petitioner in the case. The court asked each row of potential jurors if they could follow the law, including that the burden of proof is beyond are reasonable doubt and belongs solely to the State, and each row indicated that they could. The State also addressed the burden of proof during voir dire, stating that it had the burden of proof and its role was to prove the allegations beyond a reasonable doubt. Finally, Emmons's counsel reiterated during voir dire that the burden never shifts to the respondent and that it is up to the State "completely and totally to prove that

remained with the State, including: "Yes, absolutely I fully embrace the burden is mine. It's not his to disprove that he's a sexually violent predator." The trial court did not abuse its discretion by overruling Emmons's objection.

Emmons also argues that it was improper for the State to point out Emmons's failure to call a witness on the behavioral abnormality question absent evidence that a witness favorable to the defense existed. Emmons did not make this argument in the trial court, and it is not preserved for our review. TEX. R. APP. P. 33.1; *Sinegaure v. Bally Total Fitness Corp.*, No. 01-05-01070-CV, 2008 WL 5263235, at *10 (Tex. App.—Houston [1st Dist.] Dec. 18, 2008, no pet.) (mem. op.) (stating challenge on appeal must be consistent with objection at trial).

Moreover, even if Emmons had preserved this challenge, we conclude that the argument was not improper on this basis. The argument was a proper summary of the state of the evidence regardless of whether any defense favorable witnesses actually existed. *Johnson*, 2019 WL 364475, at *9. A comment that the defendant failed to call any experts to contradict the State's expert is proper under Rule 269(e). *In re Commitment of Ybarra*, No. 09-14-00394-CV, 2016 WL 637728, at *2 (Tex. App.—Beaumont Feb. 18, 2016, no pet.) (mem. op.). We conclude that

---

allegation to you. At no point does Mr. Emmons [or his counsel] have to disprove or put on evidence against their allegations." The venire responded that they understood. In the charge submitted to the jury, the trial court instructed the jury that the State has the burden of proof.

6

the State's argument was a proper argument about the evidence within the meaning of Rule 269(e).

We overrule Emmons's issue on appeal.

## Conclusion

We affirm the trial court's judgment.


                                                   Susanna Dokupil
                                                   Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.